UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDGAR BAYEH,

                Plaintiff,

vs.

STEPHEN E. CROW, and DOES 1-10,

                Defendants.

Case No.: 2:24-cv-00616-GMN-MDC

**ORDER GRANTING MOTION TO REMAND**

      Pending before the Court is the Motion to Remand, (ECF No. 6), filed by Plaintiff Edgar Bayeh. Defendant Stephen E. Crow filed a Response, (ECF No. 8), to which Plaintiff filed a Reply, (ECF No. 11). Because the Court concludes that Defendant has failed to meet his burden of demonstrating that he is domiciled in Iowa, it finds that complete diversity does not exist, and GRANTS Plaintiff's Motion to Remand.

I.      **BACKGROUND**

      This action arises from Defendant's breach of an oral contract related to a loan obtained from Plaintiff. (*See generally* Compl., ECF No. 1–2). During Plaintiff and Defendant's friendship, the two exchanged substantial sums of money, without any issue, primarily for the purpose of buying and selling horses. (Compl. ¶¶ 6–7). In 2023, Defendant requested a Loan (the "Loan") for the sum of $525,000.00 from Plaintiff for the purchase of precious metals that were to be sold for a profit. (*Id.* ¶¶ 19–20). Defendant represented to Plaintiff that the funds would be repaid quickly, however, Defendant never repaid Plaintiff and the Parties have ceased communications with one another. (*Id.* ¶ 33). Plaintiff initiated this action against Defendant for breach of an oral agreement in relation to the Loan. (*See generally id.*, ECF No. 1–2). Plaintiff originally filed his Complaint in the Eighth Judicial District Court for Clark County,

Nevada against Defendant before Defendant removed this case to federal court based on diversity jurisdiction. (*See generally* Notice of Removal, ECF No. 1). Plaintiff now seeks to remand this action back to state court arguing that the Parties are not diverse. (*See generally* Mot. Remand, ECF No. 6).

## II. **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. To remove a state law civil action to federal court based on diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000.00. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

Plaintiff moves to remand, arguing that removal is improper because he and Defendant are both citizens of Nevada and complete diversity therefore does not exist. (Mot. Remand 1:19–24). But Defendant maintains that he is a citizen of Iowa and complete diversity exists between the Parties. (Notice of Removal, ¶ 10).

A party's state of domicile for purposes of diversity is determined at the time the action is filed. *Owens v. Nuxoll*, No. 2:12-CV-01482 KJN, 2013 WL 5553897, *4 (E.D. Cal. Oct. 8, 2013). The actual fact of residence and a real intention of remaining there, as disclosed by a party's entire course of conduct, are the controlling factors in ascertaining domicile. *Id*. Domicile must be evaluated in terms of objective facts, and statements of intent should be accorded little weight if they conflict with objective evidence. *Heinz v. Havelock*, 757 F. Supp. 1076, 1081 (C.D. Cal. 1991). The intention to remain may be established by objective factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Importantly, no single factor is determinative. *Lew*, 797 F.2d at 750. The Court first addresses Defendant's possession of a Nevada driver's license before weighing additional factors.

#### A. Nevada Driver's License

The Court finds that Defendant's Nevada driver's license is a key indicator of his intent to remain in Nevada. Although residency and domicile are distinct legal concepts, Nevada's use of the term "Resident" in the context of obtaining a driver's license closely aligns with the requirements for establishing domicile for purposes of diversity jurisdiction. For instance, Nevada defines a "Resident" as a person whose legal residence is in the state, who physically

resides in Nevada and engages in a trade, profession, or occupation, or accepts gainful employment within the state, and someone who declares themselves a resident to obtain privileges not typically granted to non-residents. Nev. Rev. Stat. § 483.141(1)(a), (c), (d). The term "Resident" does not include individuals who are tourists, out-of-state students, foreign exchange students, a border state employee or a seasonal temporary resident. *Id.* § 483.141(2). The Nevada Department of Motor Vehicles will not issue a license to non-residents. *Id.* § 483.250(7). Moreover, Nevada law makes clear that an individual should maintain only one valid driver's license at a time. *Id.* § 483.230(4). In addition, a person must surrender any other driver's licenses upon receiving their Nevada driver's license. *Id.*

Here, Defendant argues he remains a citizen of Iowa for purposes of diversity jurisdiction, in part, because he claims to still possess an Iowa commercial driver's license. (Resp. 2:20–23, ECF No. 8). But Defendant does not attach such identification as an exhibit. (*See generally* Def.'s Proof of Domicile, Ex. A–I to Resp., ECF No. 8-3–8-11). As the Party bearing the burden of producing evidence to establish his domicile, Defendant has failed to meet his burden. *Lew*, 797 F.2d at 749. But even if Defendant submitted this piece of evidence, the Court would still be unpersuaded. Plaintiff testifies that Defendant has a Nevada driver's license and provides the issuance date along with the license number. (Bayeh Decl. ¶ 7, Ex. 1 to Mot. Remand, ECF No. 6-2). Defendant would have been required to relinquish all other licenses, including a commercial driver's license, and meet Nevada's statutory residency requirements to obtain a Nevada driver's license. Thus, because Defendant possesses a Nevada driver's license, the Court finds that this strongly weighs in favor of finding that Defendant is domiciled in Nevada.

**B. Other Intent to Remain Factors**

Defendant has not put forth sufficient evidence to meet the burden of establishing domicile in Iowa for purposes of diversity jurisdiction. Besides driver's licenses courts

consider factors such as current residence, voting registration and practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes when determining a person's domicile. *Lew*, 797 F.2d at 750.  Importantly, intention to remain "indefinitely" does not require an intent to stay at the new location permanently but "a person must intend to make that place his home for the time at least." *Owens*, 2013 WL 5553897 at *4.  Although this principle was articulated in the context of a Motion to Dismiss, its reasoning is relevant to a Motion to Remand, as courts have found that a party opposing a jurisdictional challenge may fail to satisfy their burden if they do not submit evidence beyond self-serving declarations, such as a driver's license, voter registration, utility bills, or tax returns. *Id.* at *5.

      Here, Defendant presents evidence of prior ties to Iowa, including an Iowa divorce proceedings, company tax filings for 2022 and 2023 listing a PO Box address, A Last Will dated 2015, a Living Will and Medical Power of Attorney document designating 111 Bear Drive as his residence but executed in 2020, business-related filings with the Iowa Secretary of State filed in 2022 and 2023, five IRS TIN number assignments made in May-July 2022 and November 2023, a check listing an Iowa PO Box address with his ex-wife in 2023, an active Iowa voter registration, and an undated Iowa health insurance card. (Def.'s Proof of Domicile, Ex. A–I to Resp.).

      On the other hand, Plaintiff provides evidence linking Defendant to Nevada, including a Nevada driver's license as discussed above, the purchase and registration of a vehicle in Nevada, a multi-year office lease where the Defendant conducts business, multiple lease agreements—including a lease-to-own agreement on his residence—and a declaration from the Defendant's ex-girlfriend stating that in early January 2024, she and the Defendant moved all of his personal belongings from his Iowa home to Nevada. (Bayeh Decl. ¶ 3–7, Ex. 1 to Mot.

Remand); (Decl. of Ailen at ¶ 2, Ex. 2 to Reply, ECF No. 11-2).  The Court must now weigh the pieces of evidence presented by both Parties to determine Defendant's domicile and finds two cases especially helpful for its analysis.

First, in *Yagman v. Gabbert*, the appellant presented evidence of voter registration, jury service, and property ownership in New York, yet the court determined his stronger ties to California, including a bank account, driver's license, occupation, family, and physical presence, established his domicile there. 684 F. App'x 625, 627–28 (9th Cir. 2017).  Similarly, Defendant in this case presents evidence of Iowa voter registration, among other things, but proof of voter's registration is insufficient to establish domicile in Iowa when weighed against stronger connections to Nevada such as a driver's license, employment, setting up a business in the state, leasing-to-own a residence, and maintaining personal relationships in Nevada. (Voter's Registration at 2, Ex. H to Resp., ECF No. 8-10); (Bayeh Decl. ¶ 3–7, Ex. 1 to Mot. Remand).  Next, in *Heinz v. Havelock*, the parties' claim of domicile in North Carolina was undermined because they had not moved any possessions into the home they claimed as their new permanent residence. 757 F. Supp. at 1079–81.

Here, however, nearly two months before the Complaint was filed, Defendant moved all his personal belongings from Iowa to Nevada, including clothes, jewelry, guns, and a safe, which he unpacked into his lease-to-own residence. (Decl. of Ailen ¶ 2, Ex. 2 to Reply).  This action indicates while Defendant previously resided in Iowa with his then-wife, Defendant's intent at the time the Complaint was filed was to remain in Nevada.  Given the significance of Defendant's ties to Nevada, including a Nevada driver's license, vehicle registration, a lease-to-own residence, occupation ties, and balancing the evidence presented by both Parties, Defendant has failed to meet his burden of establishing a current domicile in Iowa.  Thus, Plaintiff's Motion to Remand is GRANTED.

///

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 6), is **GRANTED.**

The Clerk of the Court is kindly instructed to remand this case back to the Eighth Judicial District Court and thereafter close this Court's case.

**DATED** this   3   day of March, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT